# IN THE DISTRICT COURT OF THE UNITED STATES

## For the Western District of New York

---

THE UNITED STATES OF AMERICA

-vs-

YI LIU

NOVEMBER 2012 GRAND JURY
(Impaneled 11/09/2012)

**INDICTMENT**

Violations:
Title 18, United States Code,
Sections 1030(a)(2)(C), 1832(a)(1),
1832(a)(2), 1832(a)(3), 2314 and 1343
(7 Counts)

### INTRODUCTION

**The Grand Jury Charges That:**

As relevant to this Indictment:

    1. Sprung-brett RDI (hereinafter referred to as "Sprung-brett") was a company with its offices and laboratory facilities located in Amherst, New York, in the Western District of New York. Sprung-brett was engaged primarily in the electric motor actuation technology business, which, in part, involved researching and developing silent or nearly silent motors, which technology potentially had both military and civilian applications and in which technology Sprung-brett had expended several million dollars in research and development.

2. "Trade secret" meant scientific, technical and engineering information including patterns, plans, designs, prototypes, methods, techniques, processes, procedures, and programs owned by Sprung-brett, which Sprung-brett took reasonable measures to keep secret and from which information Sprung-brett derived potential independent economic value from not being generally known to, and not being readily ascertainable through proper means by, the public.

3. Beginning in or about 2005, until on or about February 11, 2011, the defendant, **YI LIU,** was employed by Sprung-brett as a mechanical engineer to work on, among other things, electric actuation system technology which included trade secrets owned by Sprung-brett.

4. On or about July 20, 2005, the defendant **YI LIU** signed a "Non-Disclosure Agreement" with Sprung-brett which imposed, both during and after his employment with Sprung-brett, contractual obligations upon **LIU** to refrain from disclosing, and to refrain from using, any propriety information, including trade secrets, belonging to Sprung-brett for any purpose other than in conjunction with his employment with Sprung-brett.

5. In order to enable the defendant **YI LIU** to perform his work for Sprung-brett, Sprung-brett provided him with a a laptop computer and external hard drive. The laptop computer provided to, and used by, the defendant allowed the defendant to connect with Sprung-brett's server and to download folders and files from that server. The laptop was able

to access and contained trade secrets belonging to Sprung-brett which the defendant was obligated not to use or disclose except in connection with his employment at Sprung-brett.

6. Sometime in February or March of 2011, the exact date being unknown, the defendant **YI LIU** ceased working for Sprung-brett, and thereafter, defendant **YI LIU** travelled to, among other places, the Commonwealth of Virginia with the Sprung-brett laptop computer and hard drive. Despite multiple requests to do so by a representative of Sprung-brett, the defendant did not return the Sprung-brett laptop computer and external hard drive to Sprung-brett until on or about September 20, 2011.

7. While in possession of Sprung-brett's laptop computer and external hard drive, the defendant **YI LIU**, without authorization and by exceeding his authorized access, accessed the laptop computer and external hard drive and downloaded files and folders from the laptop computer and external hard drive onto a second external hard drive which files and folders contained trade secrets belonging to Sprung-brett. The defendant retained the second external hard drive containing the Sprung-brett trade secrets after on or about September 20, 2011.

8. On or about November 9, 2011, the defendant **YI LIU** divulged to another person, whose identity is known to the grand jury, Sprung-brett trade secrets concerning, among other things, electric actuation system technology. Defendant divulged Sprung-brett trade secrets in order to enable such person to make an unauthorized presentation concerning said technology to a Canadian software company known to the grand jury in an effort to assist such person in obtaining part-time employment from that software company.

## COUNT 1
### (Accessing and Exceeding Authorized Access to a Protected Computer – Value in Excess of $5000)

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Between on or about February 11, 2011, and on or about September 20, 2011, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU**, did intentionally and unlawfully access without authorization, and exceed authorized access to, a computer and thereby obtained information from a protected computer with a value in excess of $5000, namely, electric actuation system technology, the same being information containing trade secrets and other proprietary information belonging to Sprung-brett.

**All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(iii).**

## COUNT 2
### (Accessing and Exceeding Authorized Access to a Protected Computer for Personal Financial Gain)

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Between on or about February 11, 2011, and on or about September 20, 2011, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU**, did intentionally and unlawfully access without authorization, and exceed authorized access to, a computer and thereby obtained information from a protected computer, namely, electric actuation system technology, the same being information containing trade secrets and other proprietary information belonging to Sprung-brett, for purposes of commercial advantage and private financial gain.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i).

## COUNT 3
### (Theft of Trade Secrets)

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Between on or about February 11, 2011, and on or about October 10, 2013, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU,** with intent to convert trade secrets belonging to Sprung-brett, that is, Sprung-brett trade secrets contained in a Powerpoint presentation entitled "Presentation Outline," which contained scientific, technical, mathematical and engineering information pertaining to electric actuation system technology with both military and civilian wind turbine applications, the same being trade secrets related to and included in products produced for and placed in interstate and foreign commerce, to the economic benefit of a person other than the owner of the trade secrets, intending and knowing that the offense would injure the owner of the trade secrets, did knowingly steal, without authorization appropriate, take, carry away and conceal, and by fraud, artifice and deception obtain said information and did attempt to do so.

**All in violation of Title 18, United States Code, Sections 1832(a)(1) and 1832(a)(4).**

### COUNT 4
**(Theft of Trade Secrets)**

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Between on or about February 11, 2011, and on or about October 10, 2013, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU,** with intent to convert trade secrets belonging to Sprung-brett, that is,

Sprung-brett trade secrets contained in a Powerpoint presentation entitled "Presentation Outline," which contained scientific, technical, mathematical and engineering information pertaining to electric actuation system technology with both military and civilian wind turbine applications, the same being trade secrets related to and included in products produced for and placed in interstate and foreign commerce, to the economic benefit of a person other than the owner of the trade secrets, intending and knowing that the offense would injure the owner of the trade secrets, did knowingly without authorization copy, duplicate, download, upload, replicate, transmit, deliver, send, communicate and convey such information and did attempt to do so.

**All in violation of Title 18, United States Code, Sections 1832(a)(2) and 1832(a)(4).**

## COUNT 5
**(Possession of Stolen Trade Secrets)**

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Between on or about February 11, 2011, and on or about October 10, 2013, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU,** with intent to convert trade secrets belonging to Sprung-brett, that is, Sprung-brett trade secrets contained in a Powerpoint presentation entitled "Presentation Outline," which contained scientific, technical, mathematical and engineering information pertaining to electric actuation system technology with both military and civilian wind

turbine applications, the same being trade secrets related to and included in products produced for and placed in interstate and foreign commerce, to the economic benefit of a person other than the owner of the trade secrets, intending and knowing that the offense would injure the owner of the trade secrets, did knowingly possess such information knowing the same to have been stolen and appropriated, obtained and converted without authorization, and did attempt to do so.

**All in violation of Title 18, United States Code, Sections 1832(a)(3) and 1832(a)(4).**

## COUNT 6
**(Interstate Transportation of Stolen Goods)**

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. Beginning on or about February 11, 2011, and continuing thereafter to the date of the return of this Indictment, the exact date or dates being unknown, in the Western District of New York, and elsewhere, the defendant, **YI LIU**, did unlawfully transport, transmit and transfer in interstate commerce between the State of New York, the Commonwealth of Virginia, and elsewhere, a laptop computer and an external hard drive, both of which were the property of Sprung-brett, other external hard drives and other computer hardware and software containing trade secrets belonging to Sprung-brett, namely, key mathematical and analytical equations relating to electric actuation system technology, the same being goods,

wares and merchandise of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud.

**All in violation of Title 18, United States Code, Section 2314.**

### COUNT 7
### (Wire Fraud)

**The Grand Jury Further Charges That:**

1. The Introduction to this Indictment is incorporated into this count by reference and re-alleged as if fully set forth herein.

2. On or about May 12, 2011, in the Western District of New York, and elsewhere, the defendant, **YI LIU**, having devised, and intending to devise, a scheme and artifice to defraud Sprung-brett and to obtain money by means of false and fraudulent pretenses and representations from Sprung-brett, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs and signals.

3. It was part of the scheme and artifice that, utilizing e-mail account yiliu@sprung-brett.com, the defendant, **YI LIU**, sent an email to Sprung-brett which email had attached to it approximately eight time sheets for weekly pay periods ending March 6, 2011, through April 24, 2011, each of which falsely and fraudulently stated and represented that the defendant worked for 24 hours on the "Air Force Phase II Project" and 10 hours on the "Kite Project" for Sprung-brett and each of which requested payment from Sprung-brett

in the total approximate amount of $9,500 and to which payment the defendant knew he was not entitled.

**All in violation of Title 18, United States Code, Section 1343.**


DATED:   Buffalo, New York, October 23, 2013.


WILLIAM J. HOCHUL, JR.
United States Attorney


BY:   S/ANTHONY M. BRUCE
ANTHONY M. BRUCE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5886
Anthony.M.Bruce@usdoj.gov

A TRUE BILL:


S/FOREPERSON
FOREPERSON